UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

NORTH FORK BANK,

        Plaintiff,

v.                                                Case No. 07-CV-699

M/Y MILWAUKEE'S BEST (Official No. 1141867),
her boats, tackle, apparel, furniture, engines
and appurtenances, *in rem*,

and

LFS MARINE HOLDINGS, LLC, and
LATRELL F. SPREWELL, *in personam*,

        Defendants.
_____

# ORDER

On July 30, 2007, plaintiff North Fork Bank ("North Fork"), filed a complaint against the Milwaukee's Best, a seventy-foot Azimut motor yacht, and LFS Marine Holdings ("LFS"), a Delaware limited liability company, seeking enforcement of a preferred mortgage lien pursuant to 46 U.S.C. § 31325(b)-(c). On August 28, 2007, North Fork amended its complaint to include Latrell F. Sprewell ("Sprewell") as a party defendant. (Docket #11). North Fork alleged that defendants were in default on a marine note secured by a mortgage on the Milwaukee's Best. North Forth sought the arrest and judicial sale of the Milwaukee's Best, as well as a judgment against LFS and Sprewell for any deficiency remaining on the marine note after the sale.

On November 28, 2007, the court entered a default judgment against the Milwaukee's Best and ordered a judicial sale of the vessel. (Docket #22). The United States Marshal returned a bill of sale for the Milwaukee's Best in the amount of $856,000.00, and the court ordered the proceeds be distributed to North Fork after a deduction of commission, fees and expenses. (Docket ##26, 31). On October 9, 2008, North Fork moved for summary judgment against LFS and Sprewell for a deficiency remaining due on the marine note. Neither LFS nor Sprewell have responded to North Fork's motion. Under Civil Local Rule 7.1, the party opposing a motion for summary judgment must serve a response within thirty (30) days of service of the motion. Therefore, because the time for LFS and Sprewell to respond has passed, the court deems North Fork's motion unopposed. The court now considers the merits of the motion.

Summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those facts that "might affect the outcome of the suit," and a dispute about a material fact is "genuine" if a reasonable finder of fact could find in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In conducting its review, the court views all facts and draws all reasonable inferences in favor of the nonmoving party. *See Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006).

-2-

Case 2:07-cv-00699-JPS   Filed 12/16/08   Page 2 of 5   Document 38

Under 46 U.S.C. § 31325(b), a mortgagee of a preferred mortgage on a documented vessel may enforce its preferred mortgage lien *in rem* against the vessel, and may also "enforce a claim for outstanding indebtedness secured by the mortgaged vessel in . . . a civil action *in personam* in admiralty against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness." 46 U.S.C. § 31325(b)(1)-(2). In order to determine whether North Fork is entitled to judgment as a matter of law, the court must consider whether a default has occurred and, if so, whether LFS and Sprewell are either mortgagors, makers, comakers or guarantors responsible for any remaining deficiency.

In their answer, LFS and Sprewell admit that LFS executed and delivered a preferred mortgage on the Milwaukee's Best and a marine note and security agreement to North Fork on April 17, 2003. (Am. Compl. ¶ 9, Docket #11; Answer, ¶ 9, Docket #32). The preferred mortgage lists LFS as the mortgagor, and Sprewell appears to have signed the mortgage as LFS's managing member. (Am. Compl. Ex. A ¶ 1, Docket #11). In its motion, North Fork states that LFS has defaulted on the preferred mortgage and marine note.[1] The marine note lists LFS and Sprewell individually as its makers. (Am. Compl. Ex. B ¶ 1, Docket #11). Both the mortgage and the marine note state that LFS and Sprewell, in his individual capacity, are liable

---

[1] In their answer, LFS and Sprewell stated that they lack information as to the truth of North Fork's allegation that LFS has defaulted. Because LFS and Sprewell have not responded to North Fork's motion, the court must conclude that there is no genuine material issue as to the fact of default. *See* Civil L.R. 56.2(e).

for all obligations under the agreements. In the marine note, North Fork's remedies upon default include recovery of unpaid principal, accrued interest, costs and expenses of retaking, repairing and selling the vessel, as well as attorneys' fees. (Am. Compl. Ex. B ¶ 44, Docket #11). Therefore, the court finds that both LFS and Sprewell were makers of the marine note, which is in default, and are thereby each liable for any deficiency. Moreover, the court finds that North Fork would be entitled to any deficiency owing after the sale of the Milwaukee's Best.

North Fork calculates the deficiency remaining on the note after the sale of the Milwaukee's Best as $612,931.60, which includes the remaining principal and accrued interest on the note, attorneys' fees, U.S. Marshal's deposit, "substitute custodian fees," storage, repair, and survey fees, less the proceeds from the sale and a U.S. Marshal's refund. (Kull Decl. ¶ 3, Docket #37). Because the court has no independent basis to question North Fork's calculations, and because neither LFS nor Sprewell have responded to North Fork's motion or otherwise disputed this calculation, the court is obliged to enter judgment in this amount against both LFS and Sprewell.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for summary judgment, (Docket #36), be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that judgment is entered in favor of North Fork Bank and against LFS Marine Holdings, LLC, and Latrell F. Sprewell in the amount of $612,931.60.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge